UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ROSMAN ORTEGA,
                             Petitioner,

v.

RAYMOND MADDEN,
                             Respondent.

Case No.: 3:18-CV-1558-AJB-LL

**REPORT AND RECOMMENDATION FOR ORDER: (1) DENYING RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE AND (2) FINDING MIXED PETITION AND ISSUING OPTIONS ORDER IN LIEU OF DISMISSAL**

**[ECF Nos. 9 and 12]**

      This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

      On July 9, 2018, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1 ("Pet.")]. On August 15, 2018, Petitioner filed an Amended Petition [ECF No. 4]. Currently before the Court is Respondent's Motion to Dismiss the Petition. ECF Nos. 9, 12. Petitioner did not file an opposition. See Docket.

      This Court has considered the Petition, Respondent's Motion to Dismiss, and all other documents submitted by the Parties. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **DENIED WITHOUT PREJUDICE**. In lieu of immediate dismissal, the Court **RECOMMENDS** that Petitioner

1

be advised of the options available to him with regards to a mixed petition and be given an opportunity to select one of the following options: (1) voluntarily dismiss the Petition; (2) formally abandon the unexhausted claims; or (3) file a motion to stay the Federal proceedings.

## BACKGROUND

The facts of the underlying offenses are not material to determining the motion to dismiss, and so they are not recounted here. A recounting of facts is contained in the California Court of Appeal's Opinion. See ECF No. 11-15.

### I. State Court Trial

On June 5, 2013, a jury found Petitioner guilty of the first degree murder of Jesus Enriquez (Count One) and the attempted murder of Isabel Enriquez (Count Two). ECF No. 11-2 at 156-58. In addition, the jury found true the following special allegations as to both counts: (1) that Petitioner was a principal; (2) that Petitioner intentionally and personally discharged a firearm causing great bodily injury to a person; and (3) that Petitioner committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, or assist in criminal conduct. Id. The jury also found true that Petitioner committed Count 2 in a willful, deliberate, and premeditated manner. Id. at 157.

Petitioner was sentenced to eighty-two years to life in state prison. ECF No. 11-15 at 2; ECF No. 11-2 at 214-15.

### II. The Appeal

On June 17, 2016, Petitioner filed an appeal of his conviction to the California Court of Appeal. See ECF No. 11-12. In the appeal, Petitioner claimed: (1) Petitioner's conviction for attempted murder violated his due process rights because there was insufficient evidence of intent to kill; (2) the admission of Petitioner's private statements about the offenses to his wife violated the privilege governing confidential marital communications; (3) the exclusion of impeachment evidence violated Petitioner's rights to confrontation, cross examination, due process and a fair trial; and (4) the trial court's

comments about the jury instructions minimized their importance in the eyes of the jury constituting a structural error.  Id. at 35-75.

On June 20, 2017, the California Court of Appeal, Fourth Appellate Division, issued an opinion affirming the judgment of the Superior Court.  ECF No. 11-15.  Specifically, the Court of Appeal found: (1) there was sufficient evidence to support Petitioner's attempted murder conviction; (2) Petitioner's statements to his wife were not protected by the marital privilege and would not have affected the trial even if excluded; (3) the impeachment evidence was properly excluded and regardless, was of minimal probative value; and (4) the trial court's comments about the jury instructions did not constitute structural error.  Id. at 6-17.

### III.  Petition for Review To California Supreme Court

On July 27, 2017, Petitioner filed a petition for review in the California Supreme Court.  ECF No. 11-16.  Petitioner claimed the same four grounds previously presented in Petitioner's appeal to the California Court of Appeal.  Id. at 12-43.  On October 11, 2017, the California Supreme Court denied Petitioner's petition for review.  ECF No. 11-17.

### IV.  Federal Habeas Petition

On July 9, 2018, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  See Pet.

Petitioner raised the following six grounds in his federal petition: (1) "Petitioner's conviction for attempted murder violated the due process clause" where the evidence did not show an "intent to kill"; (2) "[t]he admission of Petitioner's statements regarding the shooting to his wife violated the confidential marital communication privilege[]"; (3) "[e]xclusion of impeachment evidence violated Petitioner's right to confrontation and cross-examination, to due process and a fair trial"; (4) "[t]he trial court (judge's) comments about the instructions minimized their importance in the eyes of the jury"; (5) "[b]oth trial counsel and appellate counsel rendered ineffective assistance of counsel"; and (6) the case should be remanded for reconsideration as to whether to "dismiss or strike the firearms enhancements."  Pet. at 5-16.

On July 17, 2018, the Court dismissed the case without prejudice. ECF No. 3. In dismissing the case, the Court held Petitioner had indicated in his Petition that he had not raised Grounds Five or Six to the California Supreme Court and therefore had not properly alleged exhaustion of state court remedies. Id. at 2-3.

On August 15, 2018, Petitioner filed an Amended Petition. ECF No. 4. In the Amended Petition, Petitioner sought to rectify the deficiencies in his Petition by attaching a copy of his appeal to the California Court of Appeal and his petition to the California Supreme Court. See ECF No. 4 at 3, 5, Exhibit 2.[1]

On October 29, 2018, Respondent moved to dismiss the Petition. ECF No. 9.[2] On November 26, 2018, Petitioner moved for an extension of time to file an opposition to Respondent's Motion to Dismiss. ECF No. 13. On November 27, 2018, the Court granted Petitioner's request. ECF No. 14. Petitioner did not file an opposition to Respondent's motion and the Court thereafter took the matter under submission. See Docket.

## LEGAL STANDARD

A federal court may not consider a petition for habeas corpus unless the petitioner has first presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C.A. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522, (1982). "[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (per curiam) (citations and internal quotation marks omitted).

To satisfy the exhaustion requirement, the Petitioner must demonstrate that: (1) "he has 'fairly presented' his federal claim to the highest state court with jurisdiction to

---

[1] In actuality, the Amended Petition attached a copy of Petitioner's petition to the California Supreme Court, and as an Appendix, the California Court of Appeal's decision.

[2] Respondent filed a second, identical Motion to Dismiss on October 31. ECF No. 12.

4

consider it"; or (2) "that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

Claims are not exhausted by mere presentation to the state appellate system. A petitioner must also "alert[] [the state] court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29. A petitioner may indicate a federal claim by "citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id. at 32.

If state remedies have not been exhausted as to any of the federal claims, the habeas petition typically should be dismissed. See Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose, 455 U.S. at 522; see also Rhines v. Weber, 544 U.S. 269, 274 (confirming continued applicability of "total exhaustion" rule even after enactment of AEDPA).

## DISCUSSION

### I. Grounds Five And Six Of The Petition Are Unexhausted

Respondent argues Grounds Five and Six of the Petition are unexhausted because they were never presented to the California Supreme Court. Mot. at 6-8.

In Petitioner's Fifth Ground, Petitioner claims an ineffective assistance of counsel defense, identifying several instances where his trial counsel allegedly provided ineffective assistance. Pet. at 6-9. Petitioner claims his appellate counsel was also ineffective by failing to raise these same issues on appeal. Id. at 9-11.

In Petitioner's Sixth Ground, Petitioner alleges the Court should remand the case for reconsideration as to whether to dismiss or strike the firearms enhancement based on an amendment to Penal Code Section 12022.53, subdivision (h), effective January 1, 2018. Pet. at 11-17.

Petitioner has provided no evidence any state court was given the opportunity to consider these claims. Indeed, Petitioner indicated in his original Petition that he had not raised these grounds to the California Court of Appeal or the California Supreme Court. Pet. at 6, 17. Although Petitioner sought to rectify this deficiency by pointing to his appeal to the California Court of Appeal and petition to the California Supreme Court, from the

papers, Plaintiff did not actually raise these grounds to either state court. See ECF Nos. 11-12 and 11-16.

For these reasons, the Court finds that Grounds Fix and Six were not fairly presented to the California Supreme Court and are unexhausted, rendering the Petitioner's Petition a "mixed" petition containing both exhausted and unexhausted claims.

## II. Petitioner's Options

To avoid the Court dismissing the petition on its own accord, it is **RECOMMENDED** that Petitioner choose one of the following options. The Court is not in a position to give legal advice to Petitioner. The Court merely identifies the options that may be available to petitioners who file unexhausted claims in federal court. The decision on how to proceed is solely and exclusively up to Petitioner.

### a. First Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. See Rose, 455 U.S. at 510, 520-21.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). Absent some basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Id. at 181-82.

### b. Second Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted one(s). See Rose, 455 U.S. at 510, 520-21. Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court.

///

///

### c. Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may move to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. See Jackson v. Roe, 425 F.3d 654, 659-60 (9th Cir. 2005); Valerio v. Crawford, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc); Calderon v. United States Dist. Ct. for the N. Dist. of Cal., 134 F.3d 981, 986-88 (9th Cir. 1998).

The two methods to stay the case are the "stay and abeyance" and "withdrawal and abeyance" procedures. Under the "stay and abeyance" procedure, the Court is empowered to stay the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust his unexhausted claims. See Rhines, 544 U.S. at 277-78. To obtain a stay pursuant to Rhines, Petitioner must demonstrate that good cause exists for his failure to timely exhaust his state court remedies, that his unexhausted claims are not "plainly meritless[,]" and that he did not engage in "intentionally dilatory litigation tactics." Id.

Under the "withdrawal and abeyance" procedure, the Petitioner may dismiss any unexhausted claims, and the Court is empowered to stay his remaining fully exhausted claims while he returns to the state courts to exhaust his dismissed claims. Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2002). Petitioner is warned, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" and that "demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, Petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the previously exhausted claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659 (2005).

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation; (2)

**DENYING** Respondent's Motion to Dismiss **WITHOUT PREJUDICE**; (3) finding the Petition contains both exhausted and unexhausted claims, and (4) that Petitioner be sent an Order specifying his options with regards to a mixed petition.

The Court further **RECOMMENDS** that the District Judge notify Petitioner that if he does not inform the Court within thirty days of the District Judge's final order on this Report and Recommendation of how he intends to proceed, the Court will recommend to the District Judge assigned to the case that the Petition be dismissed without prejudice.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than March 1, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with this Court and served on all parties **no later than March 15, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: February 8, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge